## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MCKESSON CORPORATION,
a Delaware corporation,

        Plaintiff,

vs.                               CASE NO. _____

BENZER PHARMACY HOLDING LLC,
a Florida limited liability company;
NORTH SAGINAW PHARMACY LLC,
a Michigan limited liability company;
ALPESH PATEL, individually, and
MANISH PATEL, individually,

        Defendants.

_____/

## COMPLAINT

Plaintiff, McKesson Corporation, a Delaware corporation ("McKesson" or "Plaintiff"), by its undersigned attorneys, brings this complaint against Defendants, BENZER PHARMACY HOLDING LLC, a Florida limited liability company; NORTH SAGINAW PHARMACY LLC, a Michigan limited liability company ("North Saginaw Pharmacy"); ALPESH PATEL, individually; and MANISH PATEL, individually, and says:

### JURISDICTION AND VENUE

1. This is an action in diversity for damages that exceed $75,000, exclusive of interests, costs and attorneys' fees and costs.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, attorneys' fees and costs and the dispute is between citizens of different states.

123417960.1

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) in the U.S. District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events or omissions giving rise to the claims in this action occurred in the Middle District and that there is no district in which an action may otherwise be brought and multiple defendants are subject to personal jurisdiction before this Court.

## PARTIES

4.      McKesson Corporation is a Delaware corporation with its principal place of business in the State of Texas.

5.      Defendant BENZER PHARMACY HOLDING LLC is a Florida limited liability company.  On information and belief, the members of BENZER PHARMACY HOLDING LLC are a combination of the following individuals: i) Alpesh Patel; ii) Manish Patel; iii) Hema Patel; iv) Padmaja Patel; v) Hardikkumar C. Patel; vi) Chetna D. Patel; or vii) Siddharth V. Patel and each of the foregoing individual members are citizens of the State of Florida or State of Michigan for diversity purposes.

6.      Defendant NORTH SAGINAW PHARMACY LLC is a Michigan limited liability company.  On information and belief, the members of NORTH SAGINAW PHARMACY LLC are a combination of the following individuals: i) Alpesh Patel; ii) Manish Patel; iii) Hema Patel; iv) Padmaja Patel; v) Hardikkumar C. Patel; vi) Chetna D. Patel; vii) Siddharth V. Patel; or viii) Benzer Pharmacy Holding LLC and each of the foregoing individual members, and with respect the Benzer Pharmacy Holding, LLC, its members are, citizens of the State of Florida or State of Michigan for diversity purposes.

7.      Defendant ALPESH PATEL is a natural person domiciled in Florida and is, and was at all times material hereto, *sui juris*.

123417960.1

8. Defendant MANISH PATEL is a natural person domiciled in Michigan and is, and was at all times material hereto, *sui juris*.

## BACKGROUND FACTS

9. Benzer Pharmacy Holding LLC, is located Tampa, Florida, and, together with its subsidiaries and affiliates, which include North Saginaw Pharmacy, operates an independent pharmacy chain.

10. Through this network, Benzer Pharmacy Holding LLC and its affiliates and subsidiaries sell prescription and over-the-counter drugs and medical products in both physical pharmacies and through online refill services.

11. Benzer Pharmacy Holding LLC arranges for the acquisition of prescription drugs and plasma products from various distributors for the pharmacy network.

12. Benzer Pharmacy Holding LLC and its affiliates, including North Saginaw Pharmacy, entered into business arrangements with McKesson to obtain prescription drugs and plasma products for its pharmacy network and affiliates.

13. In addition, as part of facilitating the supply of prescription drugs and plasma products for the pharmacy network participants, which include North Saginaw Pharmacy, Benzer Pharmacy Holding LLC provided assurances of payment to the prescription drug distributors, guarantying the payment of its affiliates and subsidiaries obligations for prescription drugs and plasma products for its pharmacy network participants.

14. On or about May 13, 2010, North Saginaw Pharmacy executed and delivered a Customer Application to McKesson whereby North Saginaw Pharmacy requested that McKesson establish accounts for North Saginaw Pharmacy and whereby North Saginaw Pharmacy agreed to pay for all purchases on account plus past due charges, all other charges and attorneys' fees and

123417960.1

costs associated with the collection of any amounts owed by North Saginaw Pharmacy to McKesson (the "North Saginaw Pharmacy Customer Application").  A copy of the North Saginaw Pharmacy Customer Application is annexed hereto as **Exhibit A**.

15.     Pursuant to the North Saginaw Pharmacy Customer Application, North Saginaw Pharmacy established an account with McKesson to purchase products.

16.     In conjunction with the business arrangement between North Saginaw Pharmacy and McKesson, on or about July 3, 2019, Benzer Pharmacy Holding LLC executed and delivered to McKesson a Guaranty through which Benzer Pharmacy Holding LLC guaranteed the unconditional repayment of the obligations to McKesson for affiliated entities, including North Saginaw Pharmacy  (the "Benzer Blanket Guaranty").  A true and correct copy of the Benzer Blanket Guaranty is attached hereto as **Exhibit B.**

17.     From the opening of North Saginaw Pharmacy's accounts with McKesson until approximately October 10, 2019, North Saginaw Pharmacy purchased certain goods from McKesson on account.

18.     Upon the shipment of goods purchased by North Saginaw Pharmacy, McKesson rendered to North Saginaw Pharmacy invoices setting forth the details of the purchase together with the total sum owed to McKesson for the purchase, which amounts continue to accrue charges by virtue of their past due status.  The invoices are voluminous and contain confidential information.  McKesson believes the invoices and other evidence of the purchase of products by North Saginaw Pharmacy are either in the possession of all parties to this lawsuit or available to those parties.  If required to be filed in this action, McKesson will seek to file the invoices in its possession under seal.

123417960.1

19.     McKesson further rendered to North Saginaw Pharmacy an account statement totaling the sum of $99,801.19 plus interest and charges that continue to accrue.  A copy of the North Saginaw Pharmacy account statement is annexed hereto as **Exhibit C**.

20.     North Saginaw Pharmacy defaulted under the terms of the North Saginaw Pharmacy Customer Application by failing to pay for the goods purchased when payments were due, which default constitutes a breach of North Saginaw Pharmacy's contractual obligation to McKesson.

21.     On or about December 3, 2019, McKesson made demand upon North Saginaw Pharmacy through North Saginaw Pharmacy's agent, Benzer Pharmacy Holding LLC, for payment of the amounts due from North Saginaw Pharmacy to McKesson arising from both accounts.  A copy of the demand letter is annexed hereto as **Exhibit D**.

22.     Although demand has been made upon North Saginaw Pharmacy for payment of amounts due to McKesson, North Saginaw Pharmacy has failed and refused to pay the same.

23.     As a result of North Saginaw Pharmacy's default upon the terms of its account agreement with McKesson, North Saginaw Pharmacy owes McKesson $99,801.19, together with interest, attorneys' fees and other costs and expenses incurred in this action.

<u>**Count I**</u>
**(Breach of Agreement-North Saginaw Pharmacy)**

24.     This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

25.     The allegations set forth in paragraphs 1 through 23 are realleged as if fully set forth in this Count.

26.     Because of North Saginaw Pharmacy's default on its obligations arising from the North Saginaw Pharmacy Customer Application, it has become necessary for McKesson to collect

123417960.1

the balance due arising from the North Saginaw Pharmacy Customer Application through its attorneys.

27.     McKesson has retained the services of attorneys, and is obligated to pay its attorneys a reasonable fee for their services rendered in connection with this action plus all costs incurred in this action.

28.     Pursuant to the terms of the North Saginaw Pharmacy Customer Application, McKesson is entitled to be reimbursed by North Saginaw Pharmacy for such attorneys' fees for their services plus all costs incurred in this action.

29.     All conditions precedent to relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Corporation demands judgment against North Saginaw Pharmacy in the sum of $99,801.19 plus interest, late charges, and the costs of collection, including court fees, service of process fees and reasonable attorneys' fees and costs.

## Count II
### (Open Account- North Saginaw Pharmacy)

30.     This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

31.     The allegations set forth in paragraphs 1 through 23 are realleged as if fully set forth in this Count.

32.     Before the institution of this action, McKesson and North Saginaw Pharmacy had business transactions between them through approximately October 10, 2019.

33.     North Saginaw Pharmacy owes McKesson the sum of $99,801.19 for goods sold and delivered by McKesson to North Saginaw Pharmacy pursuant to the invoices, which total sum remains unpaid, plus interest.   The invoices are voluminous and contain confidential

information.  McKesson believes the invoices and other evidence of the purchase of products by North Saginaw Pharmacy are either in the possession of all parties to this lawsuit or available to those parties.  If required to be filed in this action, McKesson will seek to file the invoices in its possession under seal.

34.     All conditions precedent to the relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Corporation demands judgment against North Saginaw Pharmacy LLC in the sum of $99,801.19, plus interest and costs.

<u>Count III</u>
**(Account Stated – North Saginaw Pharmacy)**

35.     This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

36.     The allegations set forth in paragraphs 1 through 23 are realleged as if fully set forth in this Count.

37.     Before the institution of this action, McKesson and North Saginaw Pharmacy had business transactions between them through approximately October 10, 2019.

38.     McKesson rendered an account statement to North Saginaw Pharmacy and North Saginaw Pharmacy did not object to the account statements.  North Saginaw Pharmacy did thereupon acquiesce in and agree thereto as an account stated.

39.     North Saginaw Pharmacy owes McKesson $99,801.19 upon account, together with interest and other costs and expenses incurred in this action.

40.     All conditions precedent to the relief demanded herein have been performed, waived or have occurred.

123417960.1

WHEREFORE, McKesson Corporation demands judgment against North Saginaw Pharmacy LLC in the sum of $99,801.19, plus interest and costs.

## Count IV
### (Goods Sold- North Saginaw Pharmacy)

41.     This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

42.     The allegations set forth in paragraphs 1 through 23 are realleged as if fully set forth in this Count.

43.     Before the institution of this action, McKesson and North Saginaw Pharmacy had business transactions between them arising through approximately October 10, 2019.

44.     North Saginaw Pharmacy owes McKesson the sum of $99,801.19, plus interest that continues to accrue on its various purchases of goods from McKesson, which McKesson sold and delivered to North Saginaw Pharmacy in accordance with the invoices and account statements.

45.     All conditions precedent to the relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Corporation demands judgment against North Saginaw Pharmacy LLC in the sum of $99,801.19, plus interest and costs.

## Count V
### (Breach of Benzer Blanket Guaranty – Benzer Pharmacy Holding LLC)

46.     This is an action for breach of a guaranty, the damages for which exceed $75,000.00, exclusive of interest, costs and attorneys' fees.

47.     The allegations set forth in paragraphs 1 through 23 are realleged as if fully set forth in this Count.

8

123417960.1

48.     Pursuant to the terms of the Benzer Blanket Guaranty, Benzer Pharmacy Holding LLC unconditionally guaranteed timely payment and performance of obligations of the affiliates listed on the Benzer Blanket Guaranty, including North Saginaw Pharmacy, to McKesson.

49.     Benzer Pharmacy Holding LLC has not revoked the Benzer Blanket Guaranty.

50.     By virtue of its execution of the Benzer Blanket Guaranty, Benzer Pharmacy Holding LLC became liable for the obligations of North Saginaw Pharmacy to McKesson.

51.     North Saginaw Pharmacy defaulted under the terms of the North Saginaw Pharmacy Customer Application by failing to pay for the goods purchased when payments were due, which default constitutes a breach of North Saginaw Pharmacy's contractual obligation to McKesson.

52.     Because of the default of North Saginaw Pharmacy, on December 3, 2019, McKesson demanded payment from Benzer Pharmacy Holding LLC of such amounts arising from its guaranty of the obligation of North Saginaw Pharmacy.  A true and correct copy of the demand letter is annexed hereto as **Exhibit D**.

53.     Although demand has been made, Benzer Pharmacy Holding LLC has failed and refused to pay the amounts due to McKesson pursuant to the Benzer Blanket Guaranty, as a guarantor of the North Saginaw Pharmacy's obligation.

54.     As of August 21, 2020, North Saginaw Pharmacy owes McKesson $99,801.19, in principal, together with interest, late charges, attorneys' fees and other costs and expenses that continue to accrue.

55.     Because of Benzer Pharmacy Holding LLC's default on its obligations arising from the Benzer Blanket Guaranty, it has become necessary for McKesson to collect the balance due

arising from Benzer Blanket Guaranty through its attorneys, and McKesson has agreed to pay its attorneys a reasonable fee for their services herein.

56.     Pursuant to the terms of the Benzer Blanket Guaranty and the North Saginaw Pharmacy Customer Application, McKesson is entitled to be reimbursed by Defendant Benzer Pharmacy Holding LLC for such attorneys' fees for their services plus all costs incurred in this action.

57.     All conditions precedent to relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Corporation demands judgment against Defendant Benzer Pharmacy Holding LLC in the sum of $99,801.19, in principal, plus interest, late charges and the costs of collection, including court fees, service of process fees and reasonable attorneys' fees and costs.

### Count VI
### (Breach of Guaranty – Alpesh Patel)

58.     This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

59.     The allegations set forth in paragraphs 1 through 23 are realleged as if fully set forth in this Count.

60.     In conjunction with the execution of the North Saginaw Pharmacy Customer Application, Alpesh Patel executed an individual guanraty that constituted an unconditional, continuing guaranty of North Saginaw Pharmacy's obligation to McKesson (the "Alpesh Patel Guaranty").  A copy of the Alpesh Patel Guaranty s annexed hereto as **Exhibit E.**

10

123417960.1

61.     Pursuant to the terms of the Alpesh Patel Guaranty, Alpesh Patel unconditionally guaranteed timely payment and performance of North Saginaw Pharmacy's obligations to McKesson.

62.     Alpesh Patel has not revoked the Alpesh Patel Guaranty.

63.     By virtue of his execution of the Alpesh Patel Guaranty, Alpesh Patel is liable became liable for the obligations of North Saginaw Pharmacy to McKesson.

64.     North Saginaw Pharmacy defaulted under the terms of the North Saginaw Pharmacy Customer Application by failing to pay for the goods purchased when payments were due, which default constitutes a breach of North Saginaw Pharmacy's contractual obligation to McKesson.

65.     Because of the default of North Saginaw Pharmacy, on December 3, 2019, McKesson demanded payment from Alpesh Patel of such amounts arising from his guaranty of the obligation of North Saginaw Pharmacy.  A true and correct copy of the demand letter is annexed hereto as **Exhibit D**.

66.     Although demand has been made, Alpesh Patel has failed and refused to pay the amounts due to McKesson pursuant to the North Saginaw Pharmacy Customer Application, as a guarantor of North Saginaw Pharmacy's obligation.

67.     Because of North Saginaw Pharmacy and Alpesh Patel's default on their obligations arising from the North Saginaw Pharmacy Customer Application and Alpesh Patel Guaranty, it has become necessary for McKesson to collect the balance due arising from the North Saginaw Pharmacy Customer Application and Alpesh Patel Guaranty through its attorneys.

123417960.1

68.     McKesson has retained the services of attorneys, and is obligated to pay its attorneys a reasonable fee for their services rendered in connection with this action plus all costs incurred in this action.

69.     Pursuant to the terms of the North Saginaw Pharmacy Customer Application and incorporated and Alpesh Patel Guaranty, McKesson is entitled to be reimbursed by Alpesh Patel for such attorneys' fees for their services plus all costs incurred in this action.

70.     All conditions precedent to relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Corporation demands judgment against Alpesh Patel in the sum of $99,801.19 in principal, plus interest, late charges and the costs of collection, including court fees, service of process fees and reasonable attorneys' fees and costs.

**Count VII**
**(Breach of Guaranty –Manish Patel)**

71.     This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

72.     The allegations set forth in paragraphs 1 through 23 are realleged as if fully set forth in this Count.

73.     In conjunction with the execution of the North Saginaw Pharmacy Customer Application, Manish Patel executed an individual guanraty that constituted an unconditional, continuing guaranty of North Saginaw Pharmacy's obligation to McKesson (the "Manish Patel Guaranty").  A copy of the Manish Patel Guaranty s annexed hereto as **Exhibit E.**

74.     Pursuant to the terms of the Manish Patel Guaranty, Manish Patel unconditionally guaranteed timely payment and performance of North Saginaw Pharmacy's obligations to McKesson.

75.     Manish Patel has not revoked the Manish Patel Guaranty.

76.     By virtue of his execution of the Manish Patel Guaranty, Manish Patel became liable for the obligations of North Saginaw Pharmacy to McKesson.

77.     North Saginaw Pharmacy defaulted under the terms of the North Saginaw Pharmacy Customer Application by failing to pay for the goods purchased when payments were due, which default constitutes a breach of North Saginaw Pharmacy's contractual obligation to McKesson.

78.     Because of the default of North Saginaw Pharmacy, on December 3, 2019, McKesson demanded payment from Manish Patel of such amounts arising from his guaranty of the obligation of North Saginaw Pharmacy.   A true and correct copy of the demand letter is annexed hereto as **Exhibit D**.

79.     Although demand has been made, Manish Patel has failed and refused to pay the amounts due to McKesson pursuant to the North Saginaw Pharmacy Customer Application, as a guarantor of North Saginaw Pharmacy's obligation.

80.     Because of North Saginaw Pharmacy and Manish Patel's default on their obligations arising from the North Saginaw Pharmacy Customer Application and Manish Patel Guaranty, it has become necessary for McKesson to collect the balance due arising from the North Saginaw Pharmacy Customer Application and Manish Patel Guaranty through its attorneys.

81.     McKesson has retained the services of attorneys, and is obligated to pay its attorneys a reasonable fee for their services rendered in connection with this action plus all costs incurred in this action.

123417960.1

82.     Pursuant to the terms of the North Saginaw Pharmacy Customer Application and incorporated and Manish Patel Guaranty, McKesson is entitled to be reimbursed by Manish Patel for such fees for their services plus all costs incurred in this action.

83.     All conditions precedent to relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Corporation demands judgment against Manish Patel in the sum of $99,801.19 in principal, plus interest, late charges and the costs of collection, including court fees, service of process fees and reasonable attorneys' fees and costs.

*/s/ Kathleen S. McLeroy*
Kathleen S. McLeroy
Florida Bar No. 856819
Primary email: kmcleroy@carltonfields.com
CARLTON FIELDS, P.A.
Post Office Box 3239
Tampa, Florida 33601-3239
Telephone:     813.223.7000
Facsimile:     813.229.4133
*Attorneys for Plaintiff*
